UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

Beach Front Property Management, Inc.,

Plaintiff

v.

Stephanie Montes, Samir Y. Mattar, Arguimedes R. Gonzalez, and Glosmell G. Suarez,

Defendant(s).

CASE NUMBER:

2:19-cv-01487-SVW-MAA

**ORDER REMANDING CASE TO STATE COURT**

The Court sua sponte **REMANDS** this action to the California Superior Court for the County of Los Angeles for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N. Ry. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v.

Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

☑ No basis for federal question jurisdiction has been identified:

☐ The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

☑ Removing defendant(s) asserts that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 14 (1983).

☐ Removing defendant(s) has not alleged facts sufficient to show that the requirements for removal under 28 U.S.C. § 1443 are satisfied. Section 1443(1) provides for the removal of a civil action filed "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." Even assuming that the removing defendant(s) has asserted rights provided "by explicit statutory

enactment protecting equal racial civil rights," <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted), defendant(s) has not identified any "state statute or a constitutional provision that purports to command the state courts to ignore the federal rights" or pointed "to anything that suggests that the state court would not enforce [defendant's] civil rights in the state court proceedings." <u>Id.</u> (citation omitted); <u>see also</u> <u>Bogart v. California</u>, 355 F.2d 377, 381-82 (9th Cir. 1966) (holding that conclusionary statements lacking any factual basis cannot support removal under § 1443(1)). Nor does § 1443(2) provide any basis for removal, as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights" and on state officers who refuse to enforce discriminatory state laws. <u>City of Greenwood v. Peacock</u>, 384 U.S. 808, 824 & 824 n.22 (1966).

- [✓] The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

- [ ] Removing defendant(s) claims that 28 U.S.C. § 1334 confers jurisdiction on this Court, but the underlying action does not arise under Title 11 of the United States Code.

- [✓] Diversity jurisdiction is lacking, and/or this case is not removable on that basis:

  - [✓] Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).

  - [ ] The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not plausibly alleged that the amount in controversy requirement has been met. <u>Id.</u>; see <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S. Ct. 547, 554 (2014).

  - [✓] The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.

  - [ ] Removing defendant(s) is a citizen of California. 28 U.S.C. § 1441(b)(2).

- [ ] Other:

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior Court of California listed above, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: March 7, 2019

United States District Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Beach Front Property Management, Inc., | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br>v.<br>Stephanie Montes, Samir Y. Mattar, Arguimedes R. Gonzalez, and Glosmell G. Suarez,<br>DEFENDANT(S) | 2:19-cv-01487-SVW-MAA<br><br>ORDER RE REQUEST TO PROCEED<br>*IN FORMA PAUPERIS* |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____    _____
Date                                              United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ District Court lacks jurisdiction
- ☐ Legally and/or factually patently frivolous
- ☐ Immunity as to _____
- ☒ Other: Defendant seeks to proceed in forma pauperis in removing a state court unlawful detainer action for which there is no federal court jurisdiction.

Comments:
See attachment.

March 5, 2019
Date                                              United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
    - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
    - ☐ This case is hereby DISMISSED immediately.
    - ☒ This case is hereby REMANDED to state court.

March 7, 2019
Date                                              United States District Judge
                                                  STEPHEN V. WILSON

CV-73 (08/16)                   ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

# ATTACHMENT TO ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*
# (FORM CV-73)

*Beach Front Prop. Mgmt., Inc. v. Montes et al.*
No. 2:19-cv-01487-SVW-MAA

On February 28, 2019, Defendant Glosmell G. Suarez ("Defendant") filed a notice of removal of an action filed in Los Angeles County Superior Court, Case No. 19CHUD00124. ("Notice of Removal," ECF No. 1.) In the state-court complaint, Plaintiff Beach Front Property Management, Inc. ("Plaintiff") alleges a state-law claim for unlawful detainer action against Defendant and several co-defendants, Stephanie Montes, Samir Y. Mattar, and Arguimedes R. Gonzalez. (*See id.* at 10-12.) Defendant, appearing *pro se*, seeks removal based on federal question jurisdiction, asserting that Plaintiff violated the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 ("PTFA") (*See id.* at 2-7.)

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . ." *Id.* at 393.

Here, the underlying complaint contains only a single cause of action for unlawful detainer. (*See* Notice of Removal at 10-12.) Defendant alleges that Plaintiff gave defective notice to pay rent or quit, violating the PTFA. (*See id.* at 3.) However, Defendant's allegations concerning Plaintiff's potential violations of the PTFA do not constitute a proper ground for removal because a federal defense or an actual or anticipated federal counterclaim cannot form the basis for removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009) (actual or anticipated defenses or counterclaims do not give rise to federal question jurisdiction); *cf. Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1173 (9th Cir. 2013) ("The PTFA is framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court."). Therefore, Defendant has not met the burden to establish that this Court has federal question jurisdiction over this action.

Because the Court lacks subject matter jurisdiction, the undersigned Magistrate Judge recommends that this case be remanded to the Los Angeles County Superior Court, Case No. 19CHUD00124. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 3) should be DENIED as moot.

DATED: March 5, 2019

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE